UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 05-49ML |
| | : | |
| WAYNE SHELTON | : | |

# ORDER

This matter came to be heard on September 6, 2005 for a competency hearing pursuant to 18 U.S.C. § 4241(d). The Court had previously ordered on November 1, 2004 that Defendant be placed in the custody of the Attorney General pursuant to 18 U.S.C. § 4247(b) for placement at a suitable facility to conduct a psychiatric or psychological examination.

At the 2004 hearing, the Court heard argument from counsel and received and reviewed a Competency To Stand Trial Evaluation prepared by William J. Ryan, Ph.D., Psychologist, of the Metropolitan Correction Center in New York, New York. His report is dated October 14, 2004 and concluded that despite his mental "limitations," Defendant was "competent to stand trial." Despite this competency finding, the Court, out of an abundance of caution, found that Defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to assist properly in his defense. Based on that finding, the Court ordered that, pursuant to 18 U.S.C. § 4241(d)(1), Defendant be committed to the custody of the Attorney General of the United States who shall hospitalize Defendant for treatment in a suitable facility for a reasonable period of time not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will obtain the capacity to permit the trial to proceed.

Following such hospitalization, a Forensic Report dated April 14, 2005 was rendered by Richard I. Frederick, Ph.D., Clinical Psychologist, of the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. Doctor Frederick opined that Defendant was "exaggerating and malingering" in that he is "competent to proceed." Doctor Frederick noted that Defendant "demonstrates a factual and rational appreciation of the charges against him, and he understands the nature and potential consequences of the proceedings against him. He is able to meaningfully assist his attorney in his defense. He does not manifest any mental disorder that would impair these abilities." Following Doctor Frederick's report, Defendant moved for the appointment of an independent expert examiner to revisit the issue of Defendant's competency to stand trial. That request was granted by the Court on May 19, 2005. Doctor Ronald Stewart was engaged to examine Defendant and render an additional competency report.

On September 6, 2005, a second competency hearing was held pursuant to 18 U.S.C. § 4241(d). Unfortunately, Doctor Stewart's long-awaited written report was not available at the time of the September 6, 2005 hearing. Defendant's attorney represented to the Court that the report was in draft form and that efforts to fax a copy of the draft report to him had been unsuccessful. However, Defendant's counsel also represented to the Court that he had spoken to Doctor Stewart and that Doctor Stewart had stated to him that his opinion after examination of Defendant was that Defendant was mentally competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant's counsel represented to the Court that he had no basis to continue to pursue his argument that Defendant was not competent to stand trial. Defendant's counsel was instructed by the Court to obtain and submit a final copy of Doctor Stewart's report to the Court to complete the record in this matter.

Based on this Court's review of the reports prepared by Doctors Ryan and Frederick, as well as considering the representation made of Doctor Stewart's opinion of competency, this Court finds that, pursuant to 18 U.S.C. § 4241, Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to understand the proceedings against him and to assist properly in his defense. Following the September 6, 2005 competency hearing, Defendant was arraigned on the indictment dated April 20, 2005 charging him with bank robbery by use of a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d), and an Arraignment and Pretrial Discovery Order was issued by the Court moving this matter towards final disposition. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(1)(A), any period of delay resulting from these proceedings to determine Defendant's mental competency shall be deemed excluded in computing the time within which the indictment in this case had to be returned, and within which the trial of the pending indictment must commence.

PER ORDER

Jeannine Theall
Deputy Clerk

ENTER:

LINCOLN D. ALMOND
United States Magistrate Judge
September 8, 2005