UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

CR 05-049-01ML USA v. Wayne Shelton
CR 05-099-01ML USA v. Dennis Marrow
CR 05-116-01ML USA v. Ryan Perkins
CR 05-120-01ML USA v. Jennifer Bennett
CR 05-121-01ML USA v. Richard Vanenburg

PRETRIAL ORDER

The above cases having been placed on the trial calendar for **December, 2005** with empanelment scheduled for **Wednesday, December 7, 2005**, it is hereby

ORDERED:

1. Absent a showing of good cause:

a. No plea agreements will be honored by the Court unless submitted in writing on or before **November 30, 2005**. See Fed. R. Crim. P. 11(e).

b. No pleas will be accepted by the Court during the one week period preceding empanelment unless they have been scheduled before that period.

Counsel also are reminded that, under Guidelines § 3E1.1(b)(2), only timely pleas qualify for a two or three level reduction for acceptance of responsibility.

2. On or before **November 30, 2005** all counsel shall submit to the Court the following:

a. A memorandum containing a brief analysis of the applicable law (including that applicable to any evidentiary issues that counsel anticipate), and a description of any matters that counsel believe ought to be considered by the Court prior to trial;

b. A list of all questions that counsel requests the Court to ask of prospective jurors during voir dire examination.

3. All counsel shall submit to the Court any instructions that counsel request be included in the Court's charge to the jury together with citations to any authorities supporting such proposed instructions. No request will be considered without such a citation. In order to ensure that such requests receive maximum consideration, counsel should submit them prior to trial. However, they must be submitted no later than the commencement of trial.

4. On or before **November 30, 2005**, counsel for each party shall submit to the Court an estimate regarding the number of days required to present his or her case.

5. On or before **November 30, 2005**, counsel for any party that proposes to offer a recorded conversation or any portion thereof as evidence shall furnish the Court and counsel for all other parties with:

a. A transcript of each recording to be offered; and

b. A statement of the approximate playing time of each such recording

Not more than seven days thereafter:

a. Counsel for any party disputing the accuracy of such transcript shall furnish the Court and counsel for all other parties with an alternate transcript in which the disputed portion is bracketed and immediately followed by the suggestive alternative language which shall also be bracketed;

b. Counsel for any party objecting to the omission of any portion of the recorded conversation shall furnish the Court and counsel for all other parties with an alternate transcript that includes the omitted portion(s) and a statement explaining why those portions should be included.

Failure to comply with this provision may be considered by the Court as a waiver of the right to offer such recorded conversations or to dispute the accuracy or completeness of said transcript, as the case may be.

In offering recorded conversations, counsel shall make every effort to edit out footage that contains no recorded conversation, is inaudible or contains material that is immaterial or irrelevant in order that the jury will not be required to listen for protracted periods of time to material that provides little or no assistance in determining the facts. Any disputes regarding editing and/or the accuracy of transcripts shall be called to the Court's attention promptly.

6. Before presenting evidence, each party shall submit to the Court a typed or printed list, double spaced, of all exhibits that such party intends to offer. In the case of the government, the exhibits shall be numbered in sequential order (e.g., 1, 2, 3, etc.). In the case of the defendant, the exhibits shall be marked alphabetically (e.g., A, B, C, etc.).

At or before the conclusion of the evidence, counsel for each party shall submit a "clean" list of exhibits offered by such party that have been admitted into evidence. Such lists shall be in a form suitable for submission to the jury and shall set

forth the following information with respect to each exhibit to the extent applicable:

a. Exhibit Number

b. Date

c. A brief description of the exhibit that will enable the jurors to identify it but which does not characterize the exhibits or its contents (e.g. letter from A to B; photograph of 100 Main Street).

7. Motions for a departure from the sentencing guidelines must be filed no later than **21 (twenty-one) days** before the sentencing hearing. Any response to a motion for downward departure shall be filed **10 (ten) days** after the motion is filed. Motions and responses shall be accompanied by a memorandum of law not to exceed **10 (ten) pages**. Oral motions or late filed motions will not be entertained by the Court.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
United States District Judge
November 21 , 2005

Entered as an Order of this Court on November 21 , 2005.

Barbara Barletta
Deputy Clerk