**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
VS. ) CR 05 – 49 ML
)
WAYNE S. SHELTON )

**MOTION TO FILE**
**MOTION TO WAIVE JURY TRIAL**
**OUT OF TIME**

Defendant respectfully moves the Court for an order permitting him to file a Motion to Waive Jury Trial out of time. The grounds for the requested relief, as more fully set forth in the annexed Memorandum (which is incorporated by reference) are that the basis for the Motion to Waive did not exist until December 18, 2005.

Wherefore, Defendant respectfully move the Court to grant the requested relief and all other relief justice requires.

Dated: January 12, 2006

Respectfully submitted,

William T. Murphy (Reg. No 1201)
William T. Murphy Law Offices, Inc.
312 Turks Head Building
PO Box 9623
Providence, RI 02940-9623
Tel: 401-459-6700; Fax: 401-751-5931
Email:

Certificate of Service

I, the undersigned, certify that on January 12, 2006 I served a copy of the above and of the supporting memorandum upon the Office of the United States Attorney by regular mail/ hand delivery/ fax transmission.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
VS. ) CR 05 – 49 ML
)
WAYNE S. SHELTON )

**MEMORANDUM IN SUPPORT OF MOTION TO FILE MOTION TO WAIVE JURY TRIAL OUT OF TIME**

Defendant respectfully submits this Memorandum in Support of his Motion to File Motion to Waive Jury Trial Out of Time.

Simply stated, the evidentiary grounds upon which both to base a strategy of non-jury trial and to proceed with the insanity defense did not exist until December 19, 2005, long after the date previously set for the filing of pretrial motions.

This Court has appointed Ronald M. Stewart, M.D., as Defendant's expert witness on his assertion of the insanity defense and directed that Dr. Stewart's report be produced to the Government by December 19, 2005. Defendant complied promptly upon receipt of the written report.

The receipt of Dr. Stewart's report provided the basis for the Defendant to go forward at trial with the insanity defense. It is one thing for defense counsel to have an insight, based upon observation of a defendant and expert reports on competency, upon which to base a good faith belief that there is a factual basis for an insanity defense. It is quite a different thing to have an expert's report in hand, a summary of putative expert testimony, capable of production to the Government, confirming counsel's insight. Again, the report was not available until December 19, 2005.

Insanity is an affirmative defense. The defendant must prove the elements of the insanity defense to the fact finder. For the reasons set forth in the Memorandum in Support of the Motion to Waive Jury Trial, it makes eminent sense for a defendant asserting the insanity defense to attempt to prove it to a single person (the trial judge) rather than to a jury. It is easier to obtain a unanimous verdict from one person than from twelve.

Before counsel had received the written report, there had been discussion between the Assistant United States Attorney currently responsible for this case and defense counsel about "waiver" of jury trial. Generally, there was agreement that this case should be tried to the Court, though defense counsel certainly does not consider the Assistant United States Attorney to be bound by those discussions. They are pertinent, however, to counsel's understanding that jury trial is a matter to be "waived."

Upon initial research at that point, it became apparent that under generally prevailing law, the waiver of a jury trial requires consent of the defendant, the Government, and the Court.

For these reasons, the Defendant respectfully moves the Court for leave to file his Motion to waive jury trial out of time.

Dated: January 12, 2006

Respectfully submitted,

William T. Murphy (Reg. No 1200)
William T. Murphy Law Offices, Inc.
312 Turks Head Building
PO Box 9623
Providence, RI 02940-9623
Tel: 401-459-6700; Fax: 401-751-5931
Email: