**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
VS. ) CR 05 – 49 ML
)
WAYNE S. SHELTON )

**MOTION TO WAIVE JURY TRIAL**
**FILED PURSUANT TO COURT'S ORDER OF JANUARY 17**

Defendant respectfully moves the Court to waive trial by jury and to be tried by the Court upon the indictment.

The grounds for the motion, as more fully set forth in the Supporting Memorandum filed simultaneously herewith and incorporated by reference, are that it is impossible to try this case to a jury without passion, prejudice and public feeling rendering an impartial trial impossible or unlikely.

Dated: January 20, 2006

Respectfully submitted,

William T. Murphy (Reg. No 1201)
William T. Murphy Law Offices, Inc.
312 Turks Head Building
Providence, RI 02903
Tel: 401-459-6700; Fax: 401-751-5931
Email: wtm@wtmurphy.com

Certificate of Service

I, the undersigned, certify that on January 20, 2006 I served a copy of the above Motion and of its Supporting Memorandum upon the Office of the United States Attorney by regular mail/ hand delivery/ fax transmission.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
VS. ) CR 05 – 49 ML
)
WAYNE S. SHELTON )

**MEMORANDUM IN SUPPORT OF MOTION TO WAIVE JURY TRIAL FILED PURSUANT TO COURT'S ORDER OF JANUARY 17**

1. There is no constitutional right to be tried to a judge, and there is *generally* no constitutional impediment to conditioning waiver of jury trial upon consent of the government and the trial court. *Singer v. United States*, 380 U.S. 24 (1965); *United States v. Houghton*, 554 F.2d 1219 (1st Cir 1977).

2. The Circuit Court has recognized on the basis of *dicta* in Singer that "…proof of circumstances laid out in S*inger* would warrant granting the defendant a trial to the court notwithstanding the prosecutor's objection thereto." United *States v. Ceja*, 451 F.2d 399 (1971). In *Singer*, the defendant had advanced only one reason to waive jury: to shorten the trial. The "circumstances" articulated by *Ceja*, therefore, can only be those set forth the following *dicta* from *Singer*: "We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where 'passion, prejudice * * * public feeling'[FN7] or some other [38] factor may render impossible or unlikely an impartial trial by jury." *Singer* at 37-38.

3. The pattern of proof to be advanced in support of the insanity defense in this case will include evidence of the Defendant's interaction with police, particularly the East Providence Police, in his arrest and prosecution for crimes prior to the bank robbery charged in the indictment. Briefly, before the charged bank robbery, the Defendant had evidently consented to the search of his bedroom in the house where he rented the room. Police seized a number of items and arrested him for possession of stolen goods. He was arraigned, and there was a disposition of the criminal charges. Then, the police arrested him a second time for possession of stolen goods taken in the allegedly consensual search. It has been reported to defense counsel that the arraignment judge on the second arrest described the conduct of the Police as harassing.

4. Defendant's mental condition is such that, during periods of extreme emotional stress, he "blacks out", has no ability to control his violent conduct, and no memory of violent conduct. His reaction to perceived unjust treatment by the

police, particularly the seizure of his "Gameboy" or "Play Station" during the arrest described in paragraph 3, was exactly that kind of "black out." He has absolutely no memory of the robbery, and his first pertinent memory is of being arrested in someone's back yard. That, in lay terms, is the gist of his insanity defense.

5. The insanity defense under the best of conditions is difficult. Here, the defense requires development of his criminal history. It defies common sense to think that twelve jurors unanimously would be able to do the following: to put aside the Defendant's criminal history for purposes of determining whether he committed the charged crime but simultaneously to internalize the Defendant's perceived mistreatment by the police in considering the insanity defense

6. Courts have almost routinely observed that the insanity defense is unpopular among jurors and generally unsuccessful. See, e.g., *United States v. Torniero,* 735 F.2d 715 (1984); *United States v. Kauffman*, 109 F.3d 186 (3rd Cir., 1997) (Alito, J., dissenting), citing *American Psychiatric Association, Statement on the Insanity Defense* (1982) and fn 1; *Foster v. Dugger*, 823 F.2d 402 (11th Cir., 1987). According to press reports, fewer than one quarter of one percent of the insanity defenses have been successful. John P. Martin, "The Insanity Defense: A Closer Look", *The Washington Post* (February 27, 1998).

7. The combination of an inherently difficult, mostly unsuccessful, defense with contamination of the jurors' minds with knowledge of the Defendant's long history of criminal conduct and convictions will constitute "circumstances" of the kind referenced in *Singer*. The combination will result in the passion, prejudice and public feeling recognized in *Singer*. The difficulties will be compounded if the Court should decline in the exercise of discretion to instruct the jury that the Defendant is subject to hospitalization under 18 U.S.C. § 4243 in the event of a verdict of not guilty by reason of insanity. *United States v. Fisher*, 808 F. Supp. 390 (M.D. Pa., 1992), affirmed, 10 F.3d 115 (3rd Cir. 1993), *certiorari denied, 512* U. S. 1238 (1994). Under these circumstances, this Defendant respectfully submits that neither the ruling of *Singer* nor the requirement of consent by the Government and the Court to his waiver of jury trial apply.

Dated: January 20, 2006

Respectfully submitted,

William T. Murphy

William T. Murphy (Reg. No 1201)
William T. Murphy Law Offices, Inc.
312 Turks Head Building
PO Box 9623
Providence, RI 02940-9623
Tel: 401-459-6700; Fax: 401-751-5931
Email: wtm@wtmurphy.com

## Certificate of Service

I, the undersigned, certify that on January 20, 2006 I served a copy of the above motion and of the supporting memorandum upon the Office of the United States Attorney by regular mail/ hand delivery/ fax transmission.