**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR. 05-49ML |
| | ) | |
| WAYNE S. SHELTON | ) | |

RESPONSE TO DEFENDANT'S MOTION TO WAIVE JURY TRIAL

Defendant has moved pursuant to Fed. R. Crim. P. 23(a) to waive jury trial in this case. The government, in principle, does not have any objection to defendant's request. However, the government would request that the Court hold a hearing in which it advises the defendant of the seriousness of the decision to waive jury trial, satisfies itself that defendant's waiver was knowing and voluntary, and obtains a written waiver from the defendant himself. See, e.g., United States v. Systems Architects, 757 F.2d 373, 375 (1st Cir. 1985); United States v. Anderson, 704 F.2d 117, 119 (3rd Cir. 1983). Although such a hearing is not required by Rule 23(a), it has been the practice of this and other courts to hold such a hearing. Id. The government's concern is not whether the trial is held before a judge or a jury, but whether the defendant–who is pursuing an insanity defense and who has previously held himself out as incompetent to proceed, is able to intelligently waive this important Constitutional right. The government certainly does not want to relitigate this issue on appeal or collateral attack. Accordingly, if, after a hearing, the defendant's waiver is deemed "express and intelligent," the government will consent to a bench trial.

The nature of this response is such that no separate Memorandum is necessary.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys:

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, certify that on January 23, 2006, I served a copy of the above Response, via first class mail, postage prepaid, to William T. Murphy Law Offices, 312 Turks Head Building, Providence, RI 02903.