**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR. 05-49ML |
| | ) | |
| WAYNE S. SHELTON | ) | |

GOVERNMENT'S MOTION TO COMPEL DISCOVERY

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Adi Goldstein, Assistant U.S. Attorney, and moves for the disclosure of all tests (such as the MMPI), notes, and data, underlying the defense expert's, Dr. Ronald Stewart, psychiatric report. In addition, the government moves for the disclosure of Dr. Stewart's background and qualifications. As set forth in the attached Memorandum of Law, such disclosure is required pursuant to Fed. R. Crim. P. 12.2(c) and 16(b).

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorney:

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2006, I caused to be served by regular first class mail, a true copy of the within Government's Motion to Compel Discovery to:

William T. Murphy, Esq.
312 Turks Head Bldg.
P.O. Box 9623
Providence, RI 02940

K Anderson

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR. 05-49ML |
| | ) | |
| WAYNE S. SHELTON | ) | |

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

The defendant served notice under Rule 12.2 that he will be relying on the insanity defense. Defendant has since produced a report of Dr. Ronald Stewart, who has examined the defendant. Dr. Stewart's report, attached here as Exhibit 1, does not specifically list what, if any, testing was performed on the defendant. Nor does the report set forth the basis for the stated psychiatric diagnosis of the defendant. In order to properly evaluate Dr. Stewart's conclusions regarding defendant's mental state at the time of the offense, the government would need to review all the data underlying Dr. Stewart's conclusion, including any tests that were administered by Dr. Stewart.

Federal Rule of Criminal Procedure 12.2(c)(3) provides that ". . . the defendant must disclose to the government the results and reports of any examination on mental condition conducted by the defendant's expert about which the defendant intends to introduce expert evidence." In addition, Federal Rule of Criminal Procedure 16(b)(1)(B) provides that the defendant "must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-on-chief at trial, or intends to call the witness who prepared the

report and the report relates to the witness's testimony." Similarly, Rule 12.2(b)(1)(C) provides that the summary of the testimony of the expert witness "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

The government requests disclosure of any testing of the defendant in order to understand "the bases and reasons" for Dr. Stewart's opinions, and to determine whether Dr. Stewart utilized and properly applied generally accepted scientific methods in order to reach his opinions. In addition, the government may seek to file a Daubert motion in this case, but it cannot fairly evaluate whether such a motion is necessary until it receives a complete report, including any underlying testing, from the defendant.

Finally, the government is also requesting that the defendant be ordered to disclose Dr. Stewart's background and qualifications, as required by Rule 16(b).

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorney:

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2006, I caused to be served by regular first class mail, a true copy of the within Government's Memorandum of Law in Support of its Motion to Compel Discovery to:

William T. Murphy, Esq.
312 Turks Head Bldg.
P.O. Box 9623
Providence, RI 02940